TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | |
|---|---|
| OPINION | : |
| | :       No. 97-711 |
| of | : |
| | :       April 2, 1998 |
| DANIEL E. LUNGREN | : |
| Attorney General | : |
| | : |
| ANTHONY DaVIGO | : |
| Deputy Attorney General | : |
| | : |

_____

THE HONORABLE STEVE BALDWIN, MEMBER OF THE STATE ASSEMBLY, has requested an opinion on the following question:

For purposes of independent operation, may a charter school be formed as a legal entity separate from the school district that granted the charter?

CONCLUSION

While a charter school operates independently from the existing school district structure as a method to accomplish specified purposes, it may not be formed as a legal entity separate from the school district that granted the charter.

ANALYSIS

The purposes of the Charter Schools Act of 1992 (Ed. Code, §§ 47600-47616; "Act") **Footnote No. 1** in authorizing the establishment of charter schools are set forth in section 47601 as follows:

"It is the intent of the Legislature, in enacting this part, to provide opportunities for teachers, parents, pupils, and community members to establish and maintain schools that *operate independently from the existing school district structure, as a method to accomplish all of the following*:

"(a) Improve pupil learning.

"(b) Increase learning opportunities for all pupils, with special emphasis on expanding learning experiences for pupils who are identified as academically low achieving.

"(c) Encourage the use of different and innovative teaching methods.

"(d) Create new professional opportunities for teachers, including the opportunity to be responsible for the learning program at the school site.

"(e) Provide parents and pupils with expanded choices in the types of educational opportunities that are available within the public school system.

"(f) Hold the schools established under this part accountable for meeting measurable pupil outcomes, and provide the schools with a method to change from rule-based to performance-based accountability systems." (Italics added.)

The present inquiry is whether a charter school may be formed not only for the purposes of its operational independence from the existing school district structure, but as a legal entity separate and apart from the school district that granted its charter. In our view, there is a distinct difference between operational independence, which is authorized (§ 47601), and legal separation, which is not.

In analyzing the various provisions of the Act, we apply well established rules of statutory interpretation. The overriding objective of statutory construction is to ascertain and effectuate legislative intent. (*Larson v. State Personnel Bd.* (1996) 28 Cal.App.4th 265, 276.) We turn initially to the statutory language itself as the most reliable indicator of the Legislature's intent. (*Freedom Newspapers, Inc. v. Orange County Employees Retirement System* (1993) 6 Cal.4th 821, 826.) Every word, phrase, and sentence in a statute should, if possible, be accorded significance. (*Penasquitos, Inc. v. Superior Court* (1991) 53 Cal.3d 1180, 1186.) Each word is to be given its usual and ordinary meaning. (*Da Fonte v. UpRight, Inc.* (1992) 2 Cal.4th 593, 601.) Where the words of a statute are clear, we may not augment or modify them to accomplish a purpose that does not appear on the face of the statute or from its legislative history. (*Burden v. Snowden* (1992) 2 Cal.4th 556, 562.) A statute must be construed in the context of the entire statutory system of which it is a part, in order to achieve harmony among the parts. (*People v. Hull* (1991) 1 Cal.4th 266, 272.)

While a few of the provisions of the Act may suggest the possibility of a charter school's legal separation from a school district, the provisions of the Act in their entirety envision only an operational independence that is sufficient for the purposes sought to be accomplished. Provisions that could be construed as consistent with legal separation include section 47610, relating to the general operation of a charter school: "A charter school shall comply with all of the provisions set forth in its charter petition, but is otherwise exempt from the laws governing school districts except as specified in Sections 47611 and 41365." **Footnote No. 2** Although a charter school is subject to a distinct set of provisions governing its operation, as compared to those governing traditional schools in the same district, nothing inherent in the distinction authorizes legal separation from the school district that created it.

Section 47605, subdivision (b) provides that a charter petition must contain certain descriptions, among which are: "A description of the rights of any employee of the school district upon leaving the employment of the school district to work in a charter school, and of any rights of return to the school district after employment at a charter school." (§ 47605, subd. (b)(13).) It may be argued that a literal reading of the phrases "leaving the employment of the school district" and "return to the school district after employment at a charter school" indicate that a charter school is not only distinct as an employer, but is a distinct legal entity for all purposes. Again, section 47605, subdivision (d) provides that admission to a charter school shall not be determined according to the child's place of residence within the state. Since admission to a traditional school is geographically limited by its boundaries, while a charter school is not so limited for purposes of admission, it may be contended that a charter school is a separate legal entity for all purposes.

In any event, numerous other provisions of the Act are essentially inconsistent with the "separate legal entity" interpretation. At the outset, for example, section 47602, subdivision (b) provides:

"In addition to the total number of charter schools that school districts may operate in this state pursuant to subdivision (a) and the 10 charter schools that a single school district may operate pursuant to subdivision (a), a school district that maintains an enrollment of more than 600,000 pupils in the current school year may operate 12 charter schools for a maximum of 22 charter schools in these types of school districts."

The words "school districts may operate [a charter school]" must be harmonized with the independent operation of a charter school as a method to accomplish specified purposes. However, those words are absolutely inconsistent with the notion of charter schools as independent legal entities for all purposes. **Footnote No. 3**

Among the prescriptions that must be included in a school charter are "procedures to be followed by the charter school and the entity granting the charter to resolve disputes relating to the provisions of the charter." (§ 47605, subd. (b)(14).) The entity granting the charter is normally a school district. (§ 47605, subds. (a), (b).) As a separate legal entity, a charter school would have no occasion to resolve a dispute with the school district relating to the provisions of its own charter. The necessity of resolving such disputes suggests instead that the charter school remains a component part of the school district that created it.

Further indicating a charter school's status as a part of a school district, section 47616.5 provides that the Legislative Analyst shall contract for an interim evaluation of the effectiveness of the state's charter school system, including "[t]he governance, fiscal liability and accountability practices and related issues between charter schools and the governing boards of the school districts approving their charters." (§ 47616.5, subd. (j).)

Finally, section 47607 states as follows:

"(a) A charter may be granted pursuant to Sections 47605 and 47606 for a period not to exceed five years. A charter granted by a school district governing board or county board of education may be granted one or more subsequent renewals by that entity. Each renewal shall be for a period not to exceed five years. A material revision of the provisions of a charter petition may be made only with the approval of the authority that granted the charter.

"(b) A charter may be revoked by the authority that granted the charter under this chapter if the authority finds that the charter school did any of the following:

"(1) Committed a material violation of any of the conditions, standards, or procedures set forth in the charter petition.

"(2) Failed to meet or pursue any of the pupil outcomes identified in the charter petition.

"(3) Failed to meet generally accepted accounting standards of fiscal management.

"(4) Violated any provision law."

Accordingly, a school charter may be periodically renewed, revised, or revoked only by the school district governing board that granted it. Such authority of a school district governing board to grant, renew, revise, and revoke a charter is consistent with the determination that a charter school is not an independent legal entity apart from the school district itself.

It is concluded that a charter school may not be formed as a separate legal entity from the

school district that granted the charter. Whether a charter school may exercise such independent legal rights as to sue and be sued, purchase property, employ personnel, and contract for services, including legal services, is governed by the provisions of the particular charter. (See § 47601; 80 Ops.Cal.Atty.Gen. 52, 55-56 (1997).)

\* \* \* \* \*

**Footnote No. 1**
Unidentified section references herein are to the Education Code.
**Footnote No. 2**
Section 47611 authorizes a charter school to participate in the State Teacher's Retirement System. Section 41365 allows charter schools that are not conversions of existing schools to obtain loans from the state upon approval of the Superintendent of Public Instruction.
**Footnote No. 3**
Moreover, section 47601 provides in part that charter schools are established to provide "parents and pupils with expanded choices in the types of educational opportunities that are available *within the public school system*." (Italics added.) Similarly, section 47605, subdivision (a) states: "A petition for the establishment of a charter school *within any school district* may be circulated . . . ." (Italics added.)